NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0248n.06

No. 24-1537

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 14, 2025
KELLY L. STEPHENS, Clerk

RAYMOND JONNA; SIMON JONNA; FARID JAMARDOV,

    Plaintiffs-Appellees,

v.

GIBF GP, INC., d/b/a Bitcoin Latinum,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

---

Before: GRIFFIN, NALBANDIAN, and MATHIS, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant GIBF GP, Inc., d/b/a/ Bitcoin Latinum, appeals from an order denying its motion to compel arbitration. For the following reasons, we affirm.

In the fall of 2021, plaintiffs Raymond Jonna, Simon Jonna, and Farid Jamardov decided to purchase over $500,000 of defendant Bitcoin Latinum's cryptocurrency, Token. They did so at the recommendation of Kevin Jonna (Raymond and Simon's cousin), and wired their money to Latinum (which they designated as "for Kevin Jonna") and to a third party, Jason Otto. In essence, Kevin Jonna was the conduit for plaintiffs' investment in Latinum's product. Although they could have invested directly with Latinum, they favored purchasing the product through Kevin Jonna because he represented he could obtain a better deal.

But plaintiffs never received their Tokens and, suspecting fraud, ultimately commenced this fifteen-count lawsuit against Kevin Jonna and Latinum, asserting various federal and Michigan securities-fraud claims and several Michigan common-law claims. The parties then engaged in

extensive motion and discovery practice, one motion of which resulted in an appeal. After we resolved that appeal, Latinum moved to compel arbitration—more than two years into the litigation. That motion is the subject of this appeal.

The basis for Latinum's motion is its Simple Agreement for Future Tokens (SAFT), a purchase agreement between Latinum and its investors that provides for binding arbitration of disputes. Citing that provision, Latinum moved to compel plaintiffs to arbitrate. But plaintiffs never signed the SAFT (a fact Latinum does not dispute). Instead, Latinum asserts that plaintiffs are bound because Kevin Jonna executed the SAFT, and plaintiffs funneled their money through him. The district court disagreed, concluding that plaintiffs "never assented to be bound by the SAFT or its arbitration provision" and, alternatively, that Latinum waived its right to enforce the arbitration provision by extensively litigating the merits of the dispute before moving to compel arbitration. Latinum appeals.

Following completion of briefing on appeal, Latinum's counsel moved to withdraw. The court clerk entered an order advising that Latinum had thirty days for new counsel to appear, and, if not, that the appeal would be submitted on the briefs. After the thirty days passed without action by Latinum, we then ordered Latinum to show cause why we should not dismiss its appeal for lack of prosecution for its failure to be continuously represented by counsel. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("[A] corporation cannot appear in federal court except through an attorney." (citations omitted)). When it failed to respond, we dismissed the appeal for want of prosecution. But we reinstated the appeal after counsel appeared on Latinum's behalf and sufficiently demonstrated cause to set aside our dismissal.

After reviewing the record, the parties' briefs, and the applicable law, we conclude that a comprehensive written opinion would serve no jurisprudential purpose and thus affirm for the

reasons stated in the district court's opinion. In sum, there is no record evidence indicating plaintiffs knew the SAFT existed, let alone that they agreed to abide by its terms when they wired money at Kevin Jonna's direction—this, as the district court rightly concluded, demonstrates a lack of assent. And even if this were not the case, the district court more than aptly held that defendant waived any right to enforce its contractual right to arbitration with its two-plus years of litigation conduct that included filing several motions (some of which were dispositive), engaging in extensive discovery, and appealing the district court's disqualification order. *See Schwebke v. United Wholesale Mortg. LLC*, 96 F.4th 971, 974–77 (6th Cir. 2024).

On appeal, defendant largely restates its arguments that the district court thoroughly considered and rejected. The only new arguments it raises concern enforcing arbitration agreements against third parties, which it forfeited by failing to advance them below. *See Potter v. Comm'r of Soc. Sec.*, 9 F.4th 369, 381 (6th Cir. 2021).

For these reasons, we affirm the district court's judgment.